UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------- x

ANOR ADI,

                                 Plaintiff,

         -against-

THE CITY OF NEW YORK,
JARRED DEVITO (TAX 955876), and
GREGORY ELZ (TAX 955900),

                                 Defendants.

------------------------------------------------------------------------------- x

**DEFENDANTS CITY OF NEW YORK, JARRED DEVITO, AND GREGORY ELZ's ANSWER TO THE COMPLAINT**

17-CV-1441 (ENV) (SMG)

**JURY TRIAL DEMANDED**

        Defendants City of New York, Jarred Devito, and Gregory Elz,[1] by their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, for their answer to the Complaint, respectfully allege, upon information and belief, as follows:

        1.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "1" of the Complaint.

        2.     Deny the allegations set forth in paragraph "2" of the Complaint, except admit that the City of New York is a municipal corporation organized under the laws of the State of New York and that the New York City Police Department ("NYPD") is an agency of the City of New York, and respectfully refer the Court to the New York City Charter and Administrative Code for an accurate recitation of the relationship between the City and the NYPD.

        3.     Deny the allegations set forth in paragraph "3" of the Complaint, except admit that Jarred Devito was employed by the NYPD as a police officer and assigned to the 103rd Precinct on or about March 11, 2015 and further admit that plaintiff purports to proceed against Officer Devito as stated therein.

---

[1] Police Officer Gregory Elz had no personal involvement in the events described in the Complaint.

4. Deny the allegations set forth in paragraph "4" of the Complaint except admit that Gregory Elz was employed by the NYPD as a police officer and assigned to the 103rd Precinct on or about March 11, 2015, and further admit that plaintiff purports to proceed against Officer Elz as stated therein.

5. Deny the allegations set forth in paragraph "5" of the Complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

6. Deny the allegations set forth in paragraph "6" of the Complaint, except admit that plaintiff purports to base venue as stated therein.

7. Deny the allegations set forth in paragraph "7" of the Complaint, except admit that plaintiff was arrested in the vicinity of 159-01 Jamaica Avenue in Queens on or about March 11, 2015 at or about 4:45 p.m.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the Complaint.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the Complaint.

10. Deny the allegations set forth in paragraph "10" of the Complaint.

11. Deny the allegations set forth in paragraph "11" of the Complaint, except admit that Officer Devito asked plaintiff for identification.

12. Deny the allegations set forth in paragraph "12" of the Complaint.

13. Deny the allegations set forth in paragraph "13" of the Complaint, except admit that plaintiff was arrested and handcuffed.

14. Deny the allegations set forth in paragraph "14" of the Complaint.

- 3 -

15. Deny the allegations set forth in paragraph "15" of the Complaint.

16. Deny the allegations set forth in paragraph "16" of the Complaint.

17. Deny the allegations set forth in paragraph "17" of the Complaint, except admit that Officer Devito signed the criminal complaint and that the document speaks for itself.

18. Deny the allegations set forth in paragraph "18" of the Complaint.

19. Deny the allegations set forth in paragraph "19" of the Complaint.

20. Deny the allegations set forth in paragraph "20" of the Complaint, except admit that plaintiff was transported to the 103rd Precinct for arrest processing.

21. Deny the allegations set forth in paragraph "21" of the Complaint, except admit that plaintiff was transported from the 103rd Precinct to Queens Central Booking.

22. Deny the allegations set forth in paragraph "22" of the Complaint, except admit that the District Attorney's Office charged plaintiff with obstructing governmental administration in the second degree and disorderly conduct.

23. Admit the allegations set forth in paragraph "23" of the Complaint insofar as plaintiff was arraigned, accepted an adjournment in contemplation of dismissal, and was released from custody on March 12, 2015.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the Complaint.

25. Deny the allegations set forth in paragraph "25" of the Complaint.

26. Deny the allegations set forth in paragraph "26" of the Complaint.

27.	In response to the allegations set forth in paragraph "27" of the Complaint, defendants repeat and reallege the responses contained within the preceding paragraphs as though fully set forth herein.

28.	Deny the allegations set forth in paragraph "28" of the Complaint.

29.	Deny the allegations set forth in paragraph "29" of the Complaint.

30.	Deny the allegations set forth in paragraph "30" of the Complaint.

31.	Deny the allegations set forth in paragraph "31" of the Complaint.

32.	Deny the allegations set forth in paragraph "32" of the Complaint.

33.	In response to the allegations set forth in paragraph "33" of the Complaint, defendants repeat and reallege the responses contained within the preceding paragraphs as though fully set forth herein.

34.	Deny the allegations set forth in paragraph "34" of the Complaint.

35.	Deny the allegations set forth in paragraph "35" of the Complaint.

36.	Deny the allegations set forth in paragraph "36" of the Complaint.

37.	Deny the allegations set forth in paragraph "37" of the Complaint.

38.	Deny the allegations set forth in paragraph "38" of the Complaint.

39.	In response to the allegations set forth in paragraph "39" of the Complaint, defendants repeat and reallege the responses contained within the preceding paragraphs as though fully set forth herein.

40.	Deny the allegations set forth in paragraph "40" of the Complaint.

41.	Deny the allegations set forth in paragraph "41" of the Complaint.

42.	Deny the allegations set forth in paragraph "42" of the Complaint.

43. Deny the allegations set forth in paragraph "43" of the Complaint.

44. Deny the allegations set forth in paragraph "44" of the Complaint, including its subparts.

45. Deny the allegations set forth in paragraph "45" of the Complaint.

46. Deny the allegations set forth in paragraph "46" of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

47. The Complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

48. Defendant City of New York has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor has defendant City violated any act of Congress providing for the protection of civil rights.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

49. At all times relevant to the incident, defendant City of New York and its employees and officials acted reasonably and in the proper and lawful exercise of their discretion. As such, defendant City of New York is entitled to governmental immunity.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

50. There was probable cause for plaintiff's arrest, detention, and prosecution.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

51. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the intervening culpable and/or negligent conduct of others, non-

parties or third parties for whom defendants City of New York, Jarred Devito, and Gregory Elz are not responsible, and was not the proximate result of any act of defendants.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

52. Defendants Jarred Devito and Gregory Elz have not violated any clearly established constitutional or statutory right of which a reasonable person would have known, and therefore are protected by qualified immunity.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

53. Defendant Gregory Elz had no personal involvement in the events described in the Complaint.

**WHEREFORE**, Defendants City of New York, Jarred Devito, and Gregory Elz request judgment dismissing the Complaint as against them, with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

October 6, 2017
New York, New York

ZACHARY W. CARTER
Corporation Counsel of the City of New York
*Attorney for Defendants City of New York, Gregory Elz, and Jarred Devito*
100 Church Street
New York, New York 10007
(212) 356-2369

By: /S/ _____
Aimee Lulich
Senior Counsel

**cc:** Joshua S. Moskovitz, Esq. (By ECF)
Bernstein Clarke & Moskovitz
*Attorneys for Plaintiff*

17-CV-1441 (ENV) (SMG)

| |
|---|
| UNITED STATE DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK |
| ANOR ADI,<br><br>              Plaintiff,<br><br>       -against-<br><br>THE CITY OF NEW YORK,<br>JARRED DEVITO (TAX 955876), and<br>GREGORY ELZ (TAX 955900),<br>              Defendants. |
| **DEFENDANTS CITY OF NEW YORK, JARRED DEVITO, AND GREGORY ELZ's ANSWER TO THE COMPLAINT** |
| **ZACHARY W. CARTER**<br><br>Corporation Counsel of the City of New York<br>*Attorney for Defendants City of New York, Jarred Devito, and Gregory Elz*<br><br>100 Church Street Rm 3-210<br>New York, N.Y.  10007<br><br>Of Counsel: Aimee Lulich<br>Tel:  (212) 356-2369<br>*NYCLIS No.* |
| *Due and timely service is hereby admitted.*<br><br>*New York, N.Y.  .................................... , 2017 . . .*<br><br>*..................................................................... Esq.*<br><br>*Attorney for ..........................................................* |